IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINUS GERME,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY PUBLIC DEFENDER OFFICE, MIDDLESEX REGION, et al.,<br><br>Defendants. | HONORABLE ANNE E. THOMPSON<br><br>Civil Action<br>No. 17-7201 (AET-TJB)<br><br>**OPINION** |

APPEARANCES:

Linus Germe, Plaintiff Pro Se
44517
MCACC U-B-13
PO BOX 266
New Brunswick, NJ 08903

RECEIVED
APR 0 3 2018
AT 8:30_____M
WILLIAM T. WALSH
CLERK

**THOMPSON, District Judge:**

**I.    INTRODUCTION**

Before the Court is Linus Germe's ("Plaintiff") civil rights complaint pursuant to 42 U.S.C. § 1983. Complaint, Docket Entry 1. At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint will be dismissed with prejudice.

## II. BACKGROUND

Plaintiff brings this civil rights action against the Public Defenders Office of Middlesex County, and attorneys Howard Barman and Luis Negron. The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

Plaintiff states that he was originally charged with talking with an undercover officer posing as a minor, but indicted for engaging in sexual conduct. Complaint ¶ 4. He states his attorneys, Barman and Negron, did nothing for him and just wanted him to take a plea. *Id.* at 5. He states he has an unspecified mental health issue. *Ibid.* Plaintiff alleges Mr. Barman told him that Plaintiff "that [he] should be glad to have them they saved [his] life." *Ibid.* He then alleges unspecified violations of his Fifth, Sixth, and Fourteenth Amendment rights and asserts there should have been a psychiatric evaluation. *Ibid.* He alleges Mr. Barman is withholding his medical report from Plaintiff and the trial court. "[I]n that report will prove that any evidence the state thought they have against me, cannot be use [sic] in court. No evidence no case." *Id.* at 7.

Plaintiff asks for relief in the form of dismissal of the criminal indictment and $500,000. *Id.* at 9.

2

## III. STANDARD OF REVIEW

### A. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(b) because Plaintiff is proceeding *in forma pauperis*.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[1] the complaint must

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x

3

allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). Although *pro se* pleadings are liberally construed, plaintiffs "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

---

120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

## B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV. ANALYSIS

Plaintiff's entire complaint is subject to dismissal because Plaintiff's attorneys are not state actors within the meaning of 28 U.S.C. § 1983. Neither public defenders nor private attorneys are state actors liable under § 1983, because they are not persons acting under the color of law. *See Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("[T]he relationship between

a defendant and the public defender representing him is identical to that existing between any other lawyer and client. Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor.")(citation and quotation omitted). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Ctny. v. Dodson*, 454 U.S. 312, 325 (1981). *See also Carter v. Kane*, No. 17-3026, 2017 WL 6523355, at *2 (3d Cir. Dec. 21, 2017). Thus, Plaintiff has not satisfied the "under color of state law" element of § 1983.

The complaint will be dismissed with prejudice for failure to state a claim. Leave to amend is denied because defendants are not state actors, and relief is therefore not available under § 1983.[2]

## V. CONCLUSION

For the reasons stated above, the complaint is dismissed with prejudice for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate order follows.

April 2, 2018
Date

Anne E. Thompson
ANNE E. THOMPSON
U.S. District Judge

---

[2] Plaintiff's unspecified mental health issues are insufficient to trigger this Court's obligation under *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012) as there is no verifiable evidence of incompetence.